IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ESTECH SYSTEMS IP, LLC, § § § | |
| Plaintiff, § § | CASE NO. 2:24-CV-1018-RWS-RSP |
| v. § § | |
| GRANDSTREAM NETWORKS INC., § § § | |
| Defendant. § § § | |

# ORDER

Before the Court is Defendant Grandstream Networks Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 8. This case was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge issued a report, recommending the motion be denied. Docket No. 31. On August 28, 2025, Defendant filed objections to the report. Docket No. 34.

## BACKGROUND

On December 10, 2024, Plaintiff filed its complaint alleging that Defendant infringed U.S. Patent Nos. 8,391,298 (the "'298 Patent"), 7,068,684 (the "'684 Patent"), and 7,123,699 (the "'699 Patent") (collectively, the "Asserted Patents"). Docket No. 1 at ¶ 18. The complaint identifies more than 120 "Accused Instrumentalities" that allegedly infringe one or more of the Asserted Patents. *Id.* at ¶ 21. Plaintiff claims that Defendant directly infringed the Asserted Patents by "making, having made, using, importing, providing, supplying, distributing, selling, or offering the Accused Instrumentalities for sale." *Id.* at 30, 51, 64. Alternatively, regarding the '298 patent, Plaintiff claims Defendant indirectly infringed by "inducing others to directly infringe," *id.* at ¶ 39, and "contributing to the infringement of the '298 Patent," *id.* at ¶ 40.

On February 13, 2025, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Docket No. 8. Defendant argues that Plaintiff's description of the Accused Instrumentalities is "vague" and "includes no description of any of the claims allegedly at issue, no reference to any claim language, and no mention of any claim limitations." *Id.* at 1. It further argues that Plaintiff's "pre-suit damages claim for the '298 patent is futile because [it] has not set forth a good faith basis for complying with the patent marking statute under 35 U.S.C. § 287." *Id.*

## REPORT OF THE MAGISTRATE JUDGE

The Magistrate Judge issued a Report and Recommendation on August 13, 2025. Docket No. 31. He concluded that Plaintiff "sufficiently identifies the accused instrumentalities such that Defendant has been put on proper notice." *Id.* at 3. He noted that "[t]his District's practice has long been to 'not require[] a specific identification of accused products' in the complaint." *Id.* (citing *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 539 (E.D. Tex. 2010)). The Magistrate Judge further explained that "plaintiff is not required to include an element-by-element analysis of how each accused product meets each claim limitation in its complaint." *Id.*

The Magistrate Judge also rejected Defendant's claim that Plaintiff failed to adequately plead compliance with Marking under 35 U.S.C. § 287(a). *Id.* at 3–4. Regarding the '684 and '699 Patents, the Magistrate Judge reasoned, Plaintiff "had no duty to establish its compliance with § 287 . . . since it has only asserted method claims for those two" patents. *Id.* at 4. Further, Defendant acknowledges that Plaintiff pleaded that "it can and will show that it complied with § 287 for the '298 patent if needed to collect pre-filing damages." *Id.*

## PLAINTIFF'S OBJECTIONS

On August 28, 2025, Defendant filed objections to the Magistrate Judge's report. Docket No. 34. Defendant reiterates its argument that Plaintiff's allegations related to the Accused

Products are vague and ambiguous such that Defendant "has no plausible way of understanding which specific products and services are accused of infringing the asserted patents." *Id.* at 2. Further Defendant contends that Plaintiff failed to plead direct infringement because it "merely lists representative asserted claims, along with 122 [of Defendant's] products and services." *Id.* at 5. Finally, Defendant agues that Plaintiff failed to properly allege marking because Plaintiff's pleading is conclusory and, in any event, constitutes "a legal conclusion, not a factual allegation[.]" *Id.* at 6.

## ANALYSIS

### I. Plaintiff Sufficiently Identified the Accused Instrumentalities

Defendant argues that the Report erred by finding that Plaintiff sufficiently identified the accused instrumentalities in its complaint. Docket No. 31 at 2. Defendant argues that it "has no plausible way of understanding which specific products and services are accused of infringing the asserted patents," and that, therefore, it "has no way to meaningfully defend itself in the current proceeding." *Id.* at 2–3.

The Court is unpersuaded. First, Plaintiff's Complaint specifically identifies Defendant's "VoIP phones, software telephony products, VoIP telephony servers, and VoIP network hardware" as the accused instrumentalities. Docket No. 1 at ¶¶ 31–35, 52–55, 65–69. Second, while these products, on their own or in various combinations, may amount to a large number of accused products, Plaintiff is only required to plead "a short and plain statement of the claim showing [it] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff has identified the allegedly infringing products with sufficient specificity at the pleadings stage.

Further, as the Report points out, "[t]his District's practice has long been to 'not require[] a specific identification of accused products' in the complaint," since that is promptly provided through the infringement contentions. Docket No. 1 at 3 (citing *Realtime Data*, 721 F. Supp. 2d at

539. Plaintiff timely served its infringement contentions on May 30, 2025. Docket No. 40-2 at 16. Thus, Plaintiff's complaint gives Defendant sufficient notice here and its objection to the Report on this basis is overruled.

## II.  Plaintiff Adequately Pled Direct Infringement

Next, Defendant object to the Report's finding that Plaintiff adequately pled direct infringement. Docket No. 34 at 4–5. Specifically, it asserts that the complaint fails to sufficiently articulate how the accused instrumentalities infringe beyond broad conclusory allegations.

As an initial matter, Defendant relies on an out-of-district opinion, *Estech Systems IP, LLC v. Zoom Video Commc'ns, Inc.*, to argue that Plaintiff failed to plead direct infringement. *See id.* at 4–5 (citing 5:24-cv-02528-EJD (N.D. Cal. Mar. 17, 2025), Dkt. 50). There, the court found that plaintiff had not provided "any supporting factual allegations beyond . . . conclusory allegations[.]" 5:24-cv-02528-EJD (N.D. Cal. Mar. 17, 2025), Dkt. 50 at 5. Here, however, Plaintiff has sufficiently pled direct infringement because it "identified the asserted patent and claim, described the technology covered by the patent, identified the infringing activity, identified the accused product, and identified how the accused product infringes." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *4 (E.D. Tex. Oct. 19, 2016) (denying motion to dismiss direct infringement claim).

The Court further agrees with the Report that a plaintiff is not required to include an "element-by-element" analysis of how each accused product meets each claim limitation in its complaint. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). Further, the complaint as a whole contains sufficient facts to enable Defendant to defend itself against Plaintiff's claims of direct infringement. Accordingly, Defendant's second objection is overruled.

### III. Plaintiff Adequately Alleged Marking

Defendant's further objects that "[t]he Magistrate Judge erred in finding that [Plaintiff]'s allegations with respect to marking are adequate." Docket No. 34 at 6. Specifically, it asserts that "[t]he only mention of marking in the Complaint is [Plaintiff]'s conclusory assertion that '[it] or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '298 patent'" but that this is "a legal conclusion, not a factual allegation." *Id.* at 6 (citing Docket No. 1 at ¶ 38).

Plaintiff's complaint states that it has "satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '298 Patent." Docket No. 1 at ¶ 38. The Court finds that this is sufficient at the pleadings stage, since marking is a limitation on damages, not an element of infringement. Thus, Plaintiff has met the notice requirements of its claims and evidence relating to marking is forthcoming. Defendant's third objection is therefore overruled.

### IV. Plaintiff Adequately Pled Indirect Infringement

Defendant's final objection is that Plaintiff's indirect infringement claims fail "for the same reasons as its direct infringement claims." *Id.* at 7. Because the Court has already determined above that Defendant's objections as to direct infringement are not persuasive, this objection is likewise overruled.

### CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Defendant objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo*

review, the Court has determined that the Report of the Magistrate Judge is correct, and Defendant's objections are without merit. Accordingly, it is

**ORDERED** that Defendant's objections (Docket No. 34) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 31) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant's motion to dismiss (Docket No. 8) is **DENIED**.

**So ORDERED and SIGNED this 30th day of September, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE